

October 14, 2020

The Honorable Brian M. Cogan
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Palmer et al. v. Amazon, Inc. et al.*, No. 1:20-cv-2468 (E.D.N.Y.)

Your Honor:

Plaintiffs submit the Declaration of Derrick Palmer, attached hereto as Exhibit A, to alert the Court to factual developments regarding worker safety and health at the JFK8 warehouse facility that may pose a public health risk to Plaintiffs and the broader community. As of October 7, 2020, Amazon has resumed productivity feedback through its rate and Time Off Task ("TOT") policies at JFK8. Decl. ¶¶ 9, 10.

Earlier in this litigation, Amazon sought to reinforce how seriously it was taking this pandemic by announcing that it was "suspen[ding] productivity feedback *during the COVID-19 pandemic*." ECF No. 52 (emphasis added). Amazon expressly acknowledged that suspending productivity feedback was necessary because Amazon's rate and TOT policies impede workers from "social distancing, hand washing, [and] sanitizing work stations," ECF No. 52-1 at 5, as New York Forward minimum standards and CDC guidance require. *See generally* ECF No. 6-1 at 12-14. Notwithstanding the representations it has made to this Court regarding its practices, with its annual "Prime Day" sales event and peak season looming, Decl. ¶¶ 3, 6, Amazon is now treating the pandemic – and the need for measures to protect workers' health and wellbeing – as a thing of the past, abandoning the policies that it once implemented in order to "maintain a safe environment" at the JFK8 facility, ECF No. 52-1 at 5.

But the pandemic is not over, not in the New York City metropolitan area and certainly not at JFK8. In the past month, Amazon has reported multiple instances of JFK8 workers contracting COVID-19. Decl. ¶¶ 4, 7, 11, 12. And Amazon's about-face with regard to productivity feedback coincides with a dramatic "uptick" in New York City's cases of COVID-19.[1]

Amazon's reinstatement of rate and TOT policies goes to the heart of Plaintiffs' public nuisance and NY Labor Law § 200 claims. The reinstatement of those policies conflicts with state public health law and Amazon's own judgment regarding what is necessary to keep workers safe during the pandemic.

---

[1] *See* Joseph Goldstein and Liam Stack, *N.Y.C. Reports Large Uptick in Virus Cases*, NEW YORK TIMES (Sept. 29, 2020).

publicjustice.net        National Headquarters                              West Coast Office
                         1620 L Street NW, Suite 630, Washington DC  20036  555 12th Street, Suite 1230, Oakland CA  94607
                         (202) 797-8600 phone • (202) 232-7203 fax          (510) 622-8150 phone • (510) 622-8155 fax

Furthermore, Amazon has suggested that because everyone in New York City faces risks associated with the COVID-19 pandemic, Plaintiffs have not experienced a "special harm" that would confer standing to bring a public nuisance claim. Hearing Tr. at 35:3-35:24 (Jul. 21, 2020). But that misapprehends the "special harm" inquiry. Plaintiffs do not allege special harm above and beyond that experienced by all New York City residents *arising from the COVID-19 pandemic*. Plaintiffs allege special harm arising from *Amazon's contribution* to the pandemic, as individuals uniquely impacted by Amazon's failure to abide by minimum public health and safety standards. ECF No. 63 at ¶¶ 331-35.

That special harm is particularly acute now that Amazon has shed some of the most significant changes it had made to keep workers and their families safe during the pandemic. The Worker Plaintiffs and their colleagues are once again in the untenable position of having to keep up with rate requirements that endanger their health or prioritizing health and safety and risking loss of their jobs. At least one JFK8 worker has already been threatened with discipline for failing to keep up with Amazon's reinstated productivity requirements. Decl. ¶ 8. Although Amazon's refusal to maintain a safe working environment endangers the public at large, Amazon's misconduct particularly harms its workers and their family members. *See* ECF No. 68 at 12-14.

In light of these developments, Plaintiffs respectfully urge the Court to promptly deny Amazon's pending motion to dismiss. *See* ECF No. 58. Plaintiffs' fear that Amazon would prematurely reinstate unlawful policies is no longer "speculative." ECF No. 69 at 4. Amazon's reckless conduct presently places workers, their families, and by extension, the entirety of New York City at risk.

Moreover, Plaintiffs renew their earlier request for broadened discovery, the need for which is underscored by Amazon's failure to proactively bring this change to the Court's attention. *Compare* Hearing Tr. at 14:08-14:17 (Jul. 21 2020) (Plaintiffs seeking discovery related to all of Amazon's pandemic-related worker safety policies), *with id.* at 45:22-46:02 (Court authorizing discovery related to Amazon's payment policies). Without further discovery, Plaintiffs cannot know the extent of Amazon's willful disregard for worker safety. Amazon has reassured the Court that it has put into place numerous protocols – like contact tracing, prompt and full paid COVID-19 leave, and modifications to its productivity policies – in order to ensure a safe working environment at JFK8. But as this (undisclosed) rollback of the productivity feedback suspension shows, Amazon has not been honest and forthcoming with Plaintiffs, or this Court.

Respectfully submitted,

/s/ Karla Gilbride

cc: All counsel of record by ECF

publicjustice.net     National Headquarters     West Coast Office
1620 L Street NW, Suite 630, Washington DC 20036     555 12th Street, Suite 1230, Oakland CA 94607
(202) 797-8600 phone • (202) 232-7203 fax     (510) 622-8150 phone • (510) 622-8155 fax