**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Jason C. Schwartz
Direct: +1 202.955.8242
Fax: +1 202.530.9522
JSchwartz@gibsondunn.com

October 16, 2020

The Honorable Brian M. Cogan
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Palmer, et al. v. Amazon.com, Inc., et al.*, No. 1:20-cv-2468 (E.D.N.Y.)

Dear Judge Cogan:

Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") respectfully submit this response to Plaintiffs' October 14, 2020 letter concerning recent changes to productivity feedback at Amazon's JFK8 facility in Staten Island. *See* ECF No. 71. As explained below, Plaintiffs' letter is factually flawed, procedurally improper, and without legal merit. Indeed, Plaintiffs fundamentally mischaracterize Amazon's revised productivity goals, which build in extra time for sanitation practices. Moreover, only a small fraction of employees—less than 5% on average—who are the most extreme outliers in performance and who are not meeting the minimum productivity goals might receive coaching for improvement. To the extent the Court decides to accept Plaintiffs' letter, Amazon respectfully requests that the Court also consider this response.[1]

Amazon, like businesses in every sector, engages in the unremarkable practice of setting goals for employee productivity. Amazon nonetheless suspended productivity feedback in March 2020, before Plaintiffs filed this lawsuit. *See* ECF No. 45, Stephens Decl. ¶¶ 11–13. Amazon reiterated the suspension of productivity feedback in July 2020, explaining to all JFK8 associates at the time that "since mid-March 2020, we have *temporarily* suspended our productivity feedback." ECF No. 52-1, Fitzgerald Decl. ¶¶ 2–3 (emphasis added). Amazon has always maintained that Plaintiffs' allegations regarding productivity feedback are meritless and, as Plaintiffs are well aware, has always reserved its right to resume productivity feedback. *See* ECF No. 68, at 16–17 & n.5. Indeed, Plaintiffs previously acknowledged that Amazon's suspension of productivity feedback was "temporar[y]." ECF No. 60, at 1.

Contrary to Plaintiffs' rhetoric, Amazon is not "now treating the pandemic—and the need for measures to protect workers' health and wellbeing—as a thing of the past, abandoning the policies that it once implemented." Pls.' 10/14/20 Let. at 1. Nothing could be further from the truth. Amazon has simply implemented new measures that take into account the amount

---

[1] If the Court considers the declaration attached to Plaintiffs' letter in evaluating Amazon's Motion to Dismiss, Amazon respectfully asks for permission to submit a responsive declaration.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

of time necessary to engage in the health and safety practices that Amazon has put in place since the onset of the pandemic.

Plaintiffs mischaracterize Amazon's revised productivity policy. Contrary to Plaintiffs' inaccurate description, Amazon's revised policy includes extra time for employees to sanitize their work area, wash their hands, and remain socially distant. Amazon's new productivity goal is based on JFK8 employees' average productivity performance during the month of September—when productivity goals were temporarily suspended—and allows enough time for employees to wash their hands, clean their stations, and maintain social distancing. The revised policy reflects a reasonable, COVID-19-era productivity goal that allows employees to prioritize safety. Additionally, as noted above, only those extreme outlier employees who are not meeting the minimum goal and are among the bottom few percent of performers may be subject to feedback. Even then, employees have an opportunity to explain whether pandemic-related safety precautions contributed to their performance issues. The revised productivity policy also allows Amazon to recognize and provide positive feedback to the highest performers—typically the top 10%—as well as to identify and support employees who would benefit from additional training. *See* ECF No. 45, Stephens Decl. ¶ 7.

In short, just like other companies, Amazon has continued to make appropriate changes within its business as the pandemic has progressed. Amazon's revised productivity policy allows employees to practice social distancing, wash hands, and clean work stations as needed, while providing superior customer service and predictable delivery times.[2]

Contrary to Plaintiffs' arguments, Amazon's revised policy has no impact on its pending Motion to Dismiss. Amazon has not reinstated the pre-pandemic performance policies that Plaintiffs challenge in the Amended Complaint, so there is still no case or controversy concerning those policies. *See* ECF No. 66, at 8–9; ECF No. 69, at 3–4. And Plaintiffs' letter highlights the inappropriateness of their attempt to apply public-nuisance law here— they would have the Court mandate its own health, safety, and productivity policies and freeze them in time, without regard for the evolving circumstances of the pandemic and the

---

[2] Moreover, the declaration that Plaintiffs submitted with their letter belies their baseless accusation that Amazon has not been "honest and forthcoming" (Pls.' 10/14/20 Let. at 2) about its revised productivity goals. To the contrary, Mr. Palmer himself concedes that he was informed on September 17—weeks in advance of the change—that Amazon planned to revise its "temporary" productivity policies "in October." ECF No. 71-1, Palmer Decl. ¶ 2. And Palmer admits that he was reminded of the new policies on October 7, both verbally and in writing. *Id.* ¶¶ 9–10. Moreover, in anticipation of the upcoming policy revision, Amazon provided verbal coaching to underperforming employees to ensure that they understood the company's expectations and had an opportunity to discuss any barriers. In short, there is no basis for Plaintiffs to claim that Amazon has been dishonest and not forthcoming.

business.  Furthermore, Amazon's revised performance policy obviously has no impact on the other fundamental legal flaws in Plaintiffs' claims, which have already been fully briefed.

Plaintiffs' other arguments in opposition to Amazon's Motion to Dismiss are an improper sur-reply styled as a "notice."  *See, e.g.*, *Ritter v. Cohen & Slamowitz, LLP*, 118 F. Supp. 3d 497, 499 (E.D.N.Y. 2015) ("Plaintiff filed sur-replies, which are in violation of the Federal Rules of Civil Procedure and the Eastern District's Local Rules.").  For example, Plaintiffs regurgitate their argument that because they work at Amazon they are "uniquely impacted" by Amazon's purported "failure to abide by minimum public health and safety standards."  Pls.' 10/14/20 Let. at 2; *see also* Am. Compl. ¶¶ 331–35; ECF No. 68, at 12–14.  Amazon has already explained at length why this expansive and flawed theory of public-nuisance law lacks merit under longstanding New York precedent.  ECF No. 66, at 14–17; ECF No. 69, at 6.

Finally, Plaintiffs ask the Court to reconsider its prior order staying discovery on all of Plaintiffs' claims except for Plaintiff Barbara Chandler's claims for allegedly underpaid quarantine leave.  Pls.' 10/14/20 Let. at 2; *see also* Minute Order (July 21, 2020).  Plaintiffs' drive-by request by virtue of a barebones paragraph appended to a two-page letter hardly suffices as a legitimate basis for this Court to reverse previous rulings in this case, *see Individual Practices of Judge Brian M. Cogan* II.B ("[a]ll requests for relief from the Court" must be designated as a "'motion' on ECF"), and flouts Local Civil Rule 37.3's meet-and-confer requirements for discovery motions.

In sum, Plaintiffs' letter disregards the Court's rules regarding sur-replies and discovery motions, and appears to be another transparent press release, *cf.* ECF No. 60, not an appropriate request for Court action.  The Court should reject Plaintiffs' arguments and grant Amazon's Motion to Dismiss, for the reasons stated in the existing briefing.

Respectfully submitted,

/s/ Jason C. Schwartz

cc:     Counsel for Plaintiffs (*by ECF*)